UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| SAUL PEREZ and ANTONIA PEREZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | Civil Action No. |
| LETICIA BORREGO, | § | DR-09-CV-003–AML/VRG |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| FRANCISCO BORREGO, | § | |
| Individually , as Next Friend and | § | |
| Guardian of LETICIA BORREGO, | § | |
| S.B., F.B., JR., A.B. I, AND A.B. II, | § | |
| DECEASED, | § | |
| Third-Party Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| TOYOTA MOTOR CORPORATION | § | |
| and TOYOTA MOTOR SALES, | § | |
| U.S.A., INC., | § | |
| Third-Party Defendants. | § | |

## ORDER

Pending before the Court are the Defendant/Third-Party Plaintiffs' Motion to Remand (Docket Entry No. 9) and the Plaintiffs Saul Perez and Antonia Perez's Motion for Remand (Docket Entry No. 10). The Honorable Victor R. Garcia, United States Magistrate Judge, issued a report and recommendation, finding that the motions to remand should be granted. The Defendant objected to the Magistrate Judge's findings, thereby triggering de novo review. *See* 28 U.S.C. § 636. For the following reasons, the Court accepts the findings of Judge Garcia and **GRANTS** the motions to remand, but **REJECTS and DENIES** the request for attorney's fees.

### I.  FACTS

Leticia Borrego, the Defendant and Third-Party Plaintiff, was driving a 2000 Toyota Sienna in Maverick County on December 23, 2007.  When she swerved to avoid hitting an animal in the road, she lost control of the vehicle, which then rolled over.  She, along with her parents and her children, suffered injuries as a result of the accident.[1]

On February 7, 2008, Saul and Antonia Perez ("the Plaintiffs"), the parents of Leticia Borrego, filed suit against her in state court, alleging that her negligent driving proximately caused the accident, resulting in injuries to them.  Leticia Borrego ("the Defendant/Third-Party Plaintiff") and the Plaintiffs are both residents of the state of Texas.  On September 12, 2008, the Defendant/Third-Party Plaintiff was granted leave to file a third-party petition, and on September 17, Francisco Borrego, also a Texas resident, acting as next friend and guardian of Leticia Borrego[2] and the minor children who were injured or killed in the accident ("Third-Party Plaintiffs"), brought claims against Toyota Motor Corporation ("TMC") and Toyota Motor Sales, U.S.A., Inc. ("TMS") as third-party defendants, alleging various claims of product liability.   The Third-Party Plaintiffs sought recovery for their own injuries and also sought to hold TMC and TMS responsible for the Plaintiffs' injuries.  The original Plaintiffs, however, never filed suit against TMC or TMS.

Third-Party Defendant TMS, a California corporation with its principal place of business in California, removed the case to federal court, claiming that removal is proper because the Plaintiffs, who are both Texas residents, improperly joined Defendant/Third-Party Plaintiff, also a Texas

---

[1]One of the children died in the accident.

[2]Leticia Borrego is purportedly of *non compus mentus.*

resident, as a defendant solely in an attempt to defeat diversity jurisdiction.[3] TMS claims that the

Plaintiffs have admitted that the Defendant/Third-Party Plaintiff was not negligent and have no

remaining cause of action against her.  TMS, therefore, claims that the Defendant/Third-Party

Plaintiff and other Third-Party Plaintiffs should be realigned as true Plaintiffs, and the Third-Party

Defendants realigned as true Defendants, thereby creating federal jurisdiction based on diversity,

pursuant to 28 U.S.C. § 1332.[4]

The Plaintiffs and the Defendant/Third-Party Plaintiffs timely filed the instant motions to

remand, first arguing that a third-party defendant does not have statutory authority to remove an

action to federal court.  Defendant/Third-Party Plaintiff Borrego also argues that she never consented

to removal.  Finally, they contend that Defendant/Third-Party Plaintiff Borrego was not improperly

joined and realignment is procedurally improper under federal law under the facts of the case.

## II.  ANALYSIS

A defendant may remove a civil action to a United States district court if the federal court

would have had original jurisdiction over the claims.  28 U.S.C. § 1441(a).  Under 28 U.S.C. §§

1332(a)(1) and 1441(b), original jurisdiction exists where the amount in controversy exceeds

$75,000, the action is between citizens of different states, and "none of the parties in interest

properly joined and served as defendants is a citizen of the State in which such action is brought."

28 U.S.C. § 1441(b).  When subject matter jurisdiction is based on § 1332(a)(1), a district court

"cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any

---

[3]At the time of removal, TMC had not yet been served with process and therefore did not have to consent to removal.

[4]TMC is a Japanese corporation with its principal place of business in Japan.  Therefore, neither third-party defendant is a Texas resident for diversity purposes.

one of the defendants." *Corfield v. Dallas Glen Hills L.P.*, 355 F.3d 853, 857 (5th Cir. 2003). Here, the parties do not contest the amount in controversy; the only issues are whether the case was properly removed and whether there is indeed diversity of citizenship.

Remand to state court is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). The removing party bears the burden of establishing subject matter jurisdiction in federal court. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## 1.  Removal by a Third-Party Defendant

The Plaintiffs and Defendant/Third-Party Plaintiffs first contend that a third-party defendant is unable to remove a case to federal court. Because § 1441(a) specifically refers to removal by "the defendant or the defendants," they argue that proper statutory construction and interpretation necessarily indicate that removal by a third-party defendant is disallowed.

Although the Fifth Circuit has yet to determine this specific issue, the majority rule of other circuits is that "'a third-party defendant is distinct from the 'defendant or defendants' who are permitted to remove cases pursuant to 28 U.S.C. § 1441(a).'" *Palisades Collections L.L.C. v. Shorts*, 552 F.3d 327, 332 (4th Cir. 2008) (quoting *Galen-Med, Inc. v. Owens*, 41 F. Supp. 2d 611, 614 (W.D. Va. 1999)); *see also First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456 (6th Cir. 2002). Courts have found that "Congress has shown the ability to clearly extend the reach of removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants, *see* 28 U.S.C. § 1452(a)," yet has not done so in crafting § 1441(a) to refer only to "the defendant or the

defendants." *Shorts*, 552 F.3d at 333. "[T]he phrase 'the defendant or the defendants,' as used in

§ 1441(a), [therefore should] be interpreted narrowly, to refer to defendants in the traditional sense

of parties against whom the [original] plaintiff asserts claims." *Curry*, 301 F.3d at 462-63 (6th Cir.

2002).[5] Because the majority of courts have adopted this approach, the Court follows suit and finds

that TMS, as a third-party defendant, has no statutory authority to remove the case to federal court.

## 2. Realignment

To escape the limitations of § 1441(a), TMS argues that the parties should be realigned by

the Court, treating TMS and TMC as true defendants, rather than third-party defendants, and treating

the Third-Party Plaintiffs and the Defendant/Third-Party Plaintiff as true plaintiffs, thereby resulting

in complete diversity among the parties. TMS could then properly remove the case pursuant to §

1441(a) as a true defendant. In support of such realignment, TMS argues that the Defendant/Third-

Party Plaintiff was improperly joined to defeat diversity jurisdiction. As evidence, TMS has

submitted responses by the Plaintiffs to TMS's request for admissions, where both Plaintiffs were

asked to admit that Defendant/Third-Party Plaintiff: (1) took faulty evasive action; (2) caused the

accident, either by her acts or her omissions; (3) caused their injuries; (4) caused the damages

sustained by them in the accident; (5) was negligent in the operation of the 2000 Toyota Sienna at

---

[5]This is also the approach adopted by two leading treatises on civil procedure. *See* 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.11[1][b][iv], at 107-35 (3d ed. 2009) ("[T]hird party defendants are not *defendants* within the meaning of the removal statute."); 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3731 (3d ed. 1998) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right of removal to the federal court . . . ."). This is also the approach generally followed by district courts within the Fifth Circuit. *See, e.g.*, *Salge v. Buchanan*, No. C-07-212, 2007 WL 1521738, *3 (S.D. Tex. Mar. 24, 2007); *Werner v. KPMG L.L.P.*, 415 F. Supp. 2d 688, 708 (S.D. Tex. 2006); *Avis Rent A Car Sys., Inc. v. Zea*, G-05-469, 2005 WL 2850248, *2 (S.D. Tex. 2005).

the time of the accident; and (6) negligently caused damages sustained by them, either by her acts

or omissions.  In response to each request, the Plaintiffs answered  "Denied."  According to TMS,

these denials amount to judicial admissions that the Defendant/Third-Party Plaintiff was not

negligent.    Because the Plaintiffs are only bringing a claim of negligence against the

Defendant/Third-Party Plaintiff, TMS argues that  Defendant/Third-Party Plaintiff was included as

a defendant solely for the purpose of defeating diversity jurisdiction.  Therefore, TMC contends that

her citizenship should be disregarded for diversity purposes and the parties realigned to reflect their

true interests in the lawsuit.

The realignment inquiry asks 'whether the parties with the same 'ultimate interests' in the

outcome of the action are on the same side.'" *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th

Cir. 1984).  However, the majority of district courts within this circuit who have addressed the

propriety of realignment in a removal action based on diversity have determined that they do not

have jurisdiction to do so when a third-party defendant has removed the case.[6]  Rather, the proper

_____

[6]TMS contends that *Central of Georgia Railway Co. v. Riegel Textile Corp.*, 426 F.2d
935 (5th Cir. 1970) and *Peters v. Standard Oil Co. of Tex.*, 174 F.2d 162 (5th Cir. 1949) are
authoritative.  In *Riegel*, the Fifth Circuit held that when a third-party plaintiff's claims had been
severed from the plaintiff's claims, the third-party defendant could properly remove the severed
claims to federal court.  The court found that "[w]here removal would not have the effect of
defeating plaintiff's choice of forum, the federal courts should recognize that a party in [the third-
party defendant's] position is as much a 'defendant' as if an original action had been brought
against him.  This is fully in accord with the policy behind the removal statute of providing a
federal forum to an out-of-stater sued in state court."  426 F.2d at 938.  However, *Riegel* is
clearly distinguishable from the present case because in *Reigel*, the claims against the third-party
defendant were severed.  Here, the Plaintiffs' claims have not been severed, and removal
therefore has infringed upon their right to a choice of forum.  *See Avis Rent a Car*, 2005 WL
3850248 at *3; *Huntsman*, 2008 WL 4453170, *3-4 (distinguishing *Riegel* from other cases not
permitting realignment in removal actions).
    *Peters* addressed realignment in the context of removal based on § 1447(c), a separate
provision that allows for supplemental jurisdiction over a properly removable claim.  *See also
Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980).

procedure is to seek realignment in state court before removing to federal court.  *See, e.g., F.L. Crane & Sons, Inc. v. IKBI, Inc.*, No. 4:08CV113, 2009 WL 1308666, *3 (S.D. Miss. 2009); *Huntsman Corp. v. Int'l Risk Ins. Co.*, No. H-08-1542, 2008 WL 4453170 (S.D. Tex. Sep. 26, 2008) (disapproving of "extending such uses of realignment . . . , in which third-party defendants seek realignment to bring themselves within the scope of section 1441(a) and to create diversity jurisdiction); *Prime Income Asset Mgmt. Co., Inc. v. Waters Edge Living L.L.C.*, No. 3:07-CV-0102-D, 2007 WL 2229050, *4 (N.D. Tex. 2007); *Avis Rent a Car*, 2005 WL 2850248 at *3-4.[7]

The Court hereby follows other Fifth Circuit district courts and finds that it lacks jurisdiction to realign the parties to create diversity.  Nonetheless, even if the Court did have jurisdiction, realignment would be improper under the present factual scenario.  According to the Fifth Circuit:

> In determining whether diversity jurisdiction exists, the court is not bound by the way plaintiff formally aligns the parties in his original pleading.  It is the court's duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute.  The generally accepted test of proper alignment is whether the parties with the same ultimate interests in the outcome of the action are on the same side.  The test is meant to ensure that there is an actual, substantial, controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side . . . [S]uch realignment is to be determined according to the principal purpose of the suit and the primary and controlling matter in dispute.

*Lowe,* 723 F.2d at 1177-78 (internal citations and quotation marks omitted).

---

However, aside from the fact that the provisions of § 1447(c) are inapplicable in the present case, it has also been amended by Congress to exclude the possibility of removal based on diversity jurisdiction.

[7]*But see Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177-78 (5th Cir. 1984).  However, in *Lowe*, the court found realignment of the parties proper in a suit originally filed in federal court by the plaintiff, rather than in a removal action.  The provisions of the removal statute allowing for removal only by a "defendant or defendants" therefore did not apply.

TMS's sole argument in support for realignment is that the Defendant/Third-Party Plaintiff was improperly joined to avoid diversity jurisdiction. A court may disregard the citizenship of parties for diversity purposes who have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 578 (5th Cir. 2004). The removing party bears the heavy burden of demonstrating improper joinder and must demonstrate the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573-74. The test is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck and Co.,* 893 F.2d 98, 100 (5th Cir. 1990).[8] "A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties." *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992). In doing so, the Court may look to summary judgment-type evidence such as affidavits and depositions. *Carriere*, 893 F.2d at 100.

TMS's argument of improper joinder based on the denial of discovery responses fails. Rule 198.3 of the Texas Rules of Civil Procedure states that "[a] matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to

---

[8] Generally, in determining the possibility of recovery under state law, a court should conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood,* 385 F.3d at 573. However, in the present case, the sole issue is the significance of discovery responses, rather than the sufficiency of the complaint.

withdraw or amend the admission." However, under Texas law, "[w]hen an answering party *denies*

or refuses to make an admission of fact, such refusal is nothing more than a refusal to admit a fact;

it is not evidence of any fact except the fact of refusal." *Luke v. Unifund CCR Partners*, No. 2-06-

444-CV, 2007 WL 2460327 (Tex. App. Aug. 31, 2007) (citing *Newman v. Utica Nat. Ins. Co. of*

*Tex.*, 868 S.W.2d 5, 8 (Tex. App. 1993) (emphasis added); *Am. Commc'n Telecomm., Inc. v.*

*Commerce N. Bank*, 691 S.W.2d 44, 48 (Tex. App. 1985); *Carbonit Houston, Inc. v. Exchange Bank*,

628 S.W.2d 826, 829 (Tex. App. 1982). The denials in response to the Third-Party Defendants'

requests for admission simply indicate that the Plaintiffs are unwilling to concede such points, and

as a result, TMS will have to prove the facts at trial. As such, TMS has failed to establish that there

is no reasonable basis for the Court to predict that the Plaintiffs might be able to recover against the

Defendant/Third-Party Plaintiff.

Therefore, TMS's grounds for realignment are baseless. The Plaintiffs brought a cause of

action solely against the Defendant/Third-Party Plaintiff for her negligence that resulted in injuries

to the Plaintiffs. They did not file suit against TMC or TMS and have alleged no product defect.

In contrast, Francisco Borrego, on behalf of Defendant/Third-Party Plaintiff, brought a cause of

action against TMC and TMS for two purposes: 1) to recover for her own injuries, based on a

defective vehicle, and 2) to seek to hold TMC and TMS, rather than her, responsible for injuries to

the Plaintiffs. Therefore, there are actual, distinct, and substantial controversies between the

Plaintiffs and the original Defendant, and the Defendant/Third-Party Plaintiffs and the Third-Party

Defendants. The ultimate interests of the Plaintiffs and the Third-Party Plaintiffs in the outcome of

the action are clearly distinct, and realigning the parties would therefore be improper.

Therefore, in conclusion, the Court finds that TMS, as a third-party defendant, has no

statutory authority to remove a case to federal court. Even if TMS could remove the case, it has failed to show diversity of the parties, that the Defendant/Third-Party Plaintiff was improperly joined, or that realignment is proper.[9] Accordingly, subject matter jurisdiction is lacking, and remand of this case to state court is proper.

**3. Attorneys' Fees**

The Magistrate Judge also suggested that the Plaintiffs' and Defendant/Third-Party Plaintiff's request for attorneys' fees may be appropriate. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In determining whether recovery under § 1447(c) is appropriate, the Court must consider "the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Alternatively stated, the Court must determine "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.*

After considering the propriety of the removing party's actions, the Court determines that removal was based on objectively reasonable grounds, especially considering that the Fifth Circuit Court of Appeals has yet to rule on the issue of whether a third-party defendant can properly remove a case to federal court. Accordingly, the request for attorneys' fees is denied.

### III.  CONCLUSION

For the foregoing reasons, the Court hereby **ACCEPTS** the Magistrate Judge's report and recommendation in part and **ADOPTS** the findings and conclusions that the case should be

---

[9]The Court need not address any procedural defects regarding the absence of the Defendant/Third-Party Plaintiff's consent to removal.

remanded.  Accordingly, the Court hereby **ORDERS** that the motions to remand are **GRANTED**.

The Court, however, **REJECTS** in part the report and recommendation . The request for attorneys'

fees is **DENIED**.

SIGNED this 16th day of September, 2009.

_____
ALIA MOSES LUDLUM
UNITED STATES DISTRICT JUDGE